1

Honorable District Judge Marsha J. Pechman

2  Dawn McCraw WA #54543
**CONSUMER ATTORNEYS**

3  450 Alaskan Way South, Suite 200
Seattle, Washington 98104

4  T: 602.807.1527
F: (718) 715-1750

5  E: dmccraw@consumerattorneys.com
*Attorneys for Plaintiff*

6  *Veronica Durphey*

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

8

9

Case No.: 2:24-cv-00468-MJP

10  VERONICA DURPHEY,

11            Plaintiff,                     **STIPULATED PROTECTIVE ORDER**

12  v.

13  EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC.;

14  EQUIFAX INFORMATION SERVICES,
LLC; and LEXISNEXIS RISK

15  SOLUTIONS, INC.

16            Defendants.

17

18      1.   PURPOSES AND LIMITATIONS

19          Discovery in this action is likely to involve production of confidential, proprietary,

20  or private information for which special protection may be warranted. Accordingly, the

21  parties hereby stipulate to and petition the court to enter the following Stipulated Protective

22  STIPULATED PROTECTIVE ORDER                          Consumer Attorneys
CASE NO.: 2:24-cv-00468-MJP                    450 Alaskan Way South, Suite 200

23                                                        Seattle, Washington 98104

Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.     "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

- Defendants' policies and procedures for verifying consumer identities and information;

- Defendants' policies and procedures for collecting and reporting deceased notations in a consumer's credit file;

- Defendants' policies and procedures for ensuring maximum possible accuracy of consumer information as required by 15 U.S.C. §1681e(b);

- The actions taken by Defendants in response to Plaintiff's disputes;

- All communications between Plaintiff and Defendants discussing confidential materials;

- All communications between the Defendants in this matter discussing confidential materials;

- Defendants' maintenance, preparation, and publication of Plaintiff's consumer reports and consumer information;

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

2

- Defendants' matching procedures and matching logic;

- Defendants' access to the SSA LA-DMF information;

- Defendants' sources of deceased information regarding Plaintiff and how Defendants verified said information and sources;

- Any vendors or third parties used by Defendants in creating Plaintiff's consumer reports, including contractual agreements between third parties and Defendants;

- Documents containing Plaintiff's social security number;

- Third-party discovery as necessary (including of the third parties that received Plaintiff's consumer credit information and Plaintiff's witnesses for establishing damages)

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

3

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)     the parties;

(b)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless a particular document or material produced is for Attorney's Eyes Only and is so designated;

(d)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

(e)     the court, court personnel, and court reporters and their staff;

(f)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Disclosure of "CONFIDENTIAL – ATTORNEYS EYES ONLY" Material or items.     If a Producing Party believes in good faith that, despite the provisions of this Protective Order there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only." Except with the prior written consent of the individual or entity designating a document or portions of a document as "CONFIDENTIAL – ATTORNEYS EYES ONLY," or pursuant to prior Order after

notice, any document, transcript or pleading given "CONFIDENTIAL – ATTORNEYS EYES ONLY" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "CONFIDENTIAL – ATTORNEYS EYES ONLY" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(a) A party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(c) The Court and its personnel;

(d) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(e) Any mediator appointed by the court or jointly selected by the parties;

(f) the Plaintiff, who may view materials designated Attorneys Eyes Only as reasonably necessary for this litigation but must obtain prior consent from the designating party to receive copies or otherwise retain such material.

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

(g) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(h) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(i) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

4.4    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

(a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties may designate deposition testimony as "CONFIDENTIAL" after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agree.

(c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

1   correction of a designation, the receiving party must make reasonable efforts to ensure that

2   the material is treated in accordance with the provisions of this agreement.

3   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

4           6.1    Timing of Challenges. Any party or non-party may challenge a designation

5   of confidentiality at any time. Unless a prompt challenge to a designating party's

6   confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

7   unnecessary economic burdens, or a significant disruption or delay of the litigation, a party

8   does not waive its right to challenge a confidentiality designation by electing not to mount

9   a challenge promptly after the original designation is disclosed.

10          6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

11   regarding confidential designations without court involvement. Any motion regarding

12   confidential designations or for a protective order must include a certification, in the

13   motion or in a declaration or affidavit, that the movant has engaged in a good faith meet

14   and confer conference with other affected parties in an effort to resolve the dispute without

15   court action. The certification must list the date, manner, and participants to the conference.

16   A good faith effort to confer requires a face-to-face meeting or a telephone conference.

17          6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

18   intervention, the designating party may file and serve a motion to retain confidentiality

19   under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The

20   burden of persuasion in any such motion shall be on the designating party. Frivolous

21   challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary

22   STIPULATED PROTECTIVE ORDER
     CASE NO.: 2:24-cv-00468-MJP

                                                          Consumer Attorneys
                                                  450 Alaskan Way South, Suite 200
                                                       Seattle, Washington 98104

23

expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," that party must:

     (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

     (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

     (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.   NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts,

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

12

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Such retained materials remain subject to the use restriction in section 4.1 hereof.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

2

/s/ Dawn McCraw
Dawn McCraw WA #54543
**CONSUMER ATTORNEYS**
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: 602.807.1527
F: (718) 715-1750
E: dmccraw@consumerattorneys.com

3

4

5

6

Attorneys for Plaintiff
Veronica Durphey

7

8

/s/ Oren R. Depp
Oren R. Depp, Bar No. 6345841
Admitted Pro Hac Vice
**JONES DAY**
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
T: 312-269-4208
E: odepp@jonesday.com

9

10

11

12

Sara J. Wadsworth, WSBA No. 55952
**STOEL RIVES LLP**
600 University Street, Suite 3600
Seattle, WA, 98101
T: (206) 624-0900
F: (206) 386-7500
E: sara.wadsworth@stoel.com

13

14

15

16

Attorneys for Defendant Experian
Information Solutions, Inc.

17

18

By: /s/ James F. McCabe
James F. McCabe, Bar No. 104686
Admitted Pro Hac Vice
**ALSTON & BIRD**
560 Mission Street, Suite 2100
San Francisco, CA 94105
T: 415-243-1047

19

20

21

22

/s/ Heather H. Sharp
Heather H. Sharp, Bar No. 671545
Admitted Pro Hac Vice
**SEYFARTH SHAW LLP**
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
T: 404-881-5477
E: hsharp@seyfarth.com

Jeffrey M. Edelson, WSBA #37361
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
T: (503) 295-3085
F: (503) 323-9105
E: jeffedelson@markowitzherbold.com

Attorneys for Defendant
Equifax Information Services, LLC

/s/ Emily M. Stultz
Emily M. Stultz, Bar No. 37683-32
Admitted Pro Hac Vice
**QUILLING,        SELANDER,
LOWNDS, WINSLETT & MOSER,
P.C.**
10333 North Meridian St, Suite 200
Indianapolis, IN 46290
T: 317-497-5600
E: estultz@qslwm.com

Nicholas Rannallo, Esq.
WA State Bar No. 51439
**RANALLO LAW OFFICE**
5058 57th Ave. South
Seattle, WA, 98118
T: (813) 607-9229
E: nick@ranallolawoffice.com

Local Counsel for Defendant

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

23

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

E: jim.mccabe@alston.com                    *Trans Union LLC*

Abraham K. Lorber, WSBA #40668
**LANE POWELL LLC**
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
T: 206.223.7000
E: lorbera@lanepowell.com

*Attorneys for Defendant*
*LexisNexis Risk Solutions, Inc.*
.

1   PURSUANT TO STIPULATION, IT IS SO ORDERED

2       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production

3   of any documents, electronically stored information (ESI) or information, whether

4   inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding

5   or any other federal or state proceeding, constitute a waiver by the producing party of any

6   privilege applicable to those documents, including the attorney-client privilege, attorney

7   work-product protection, or any other privilege or protection recognized by law. This Order

8   shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

9   The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended

10  to or shall serve to limit a party's right to conduct a review of documents, ESI or

11  information (including metadata) for relevance, responsiveness and/or segregation of

12  privileged and/or protected information before production.  Information produced in

13  discovery that is protected as privileged or work product shall be immediately returned to

14  the producing party.

15

16  DATED: July 23, 2024

17

18

19  MARSHA J. PECHMAN
    United States Senior District Judge

20

21

22  STIPULATED PROTECTIVE ORDER
    CASE NO.: 2:24-cv-00468-MJP

    Consumer Attorneys
    450 Alaskan Way South, Suite 200
    Seattle, Washington 98104

23

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Western District of

Washington on [date] in the case of Veronica Durphey v. Experian Information Solutions,

Inc.; et al, Case No.: 2:24-cv-00468-GJL. I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
Signature:

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:24-cv-00468-MJP

Consumer Attorneys
450 Alaskan Way South, Suite 200
Seattle, Washington 98104

17