UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERONICA DURPHEY, | CASE NO. C24-468 MJP |
| Plaintiff, | ORDER GRANTING IN PART MOTION TO EXTEND |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | |
| Defendants. | |

This matter comes before the Court on the Parties' Joint Motion to Extend Deadlines. (Dkt. No. 79.) Having reviewed the Motion and all supporting materials, the Court GRANTS in part the request.

The Parties ask to extend the trial date and all interim deadlines by 60 days, citing the fact that Defendant Trans Union's Rule 30(b)(6) deposition will occur on April 15, 2025 and that she will need 30 days from that date to prepare an expert report. The Parties also note that Plaintiff's deposition is set for April 29, 2025, that they are engaged in settlement discussions, and that they

ORDER GRANTING IN PART MOTION TO EXTEND - 1

also wish to prepare expert rebuttal reports. The Parties make this requested extension after the Court granted a one month extension of the expert, rebuttal expert, discovery, discovery motions, and dispositive motion deadlines. (Dkt. No. 78.) Doing so compressed the time between trial and the filing of dispositive motions to roughly three months.

The Court here does not find good cause to extend the trial date and deadlines as requested. The Court finds good cause only to extend the expert filing deadlines, as well as the discovery-related deadlines. This accommodates the claimed need for expert reports after the Rule 30(b)(6) deposition of Defendant Trans Union. But the Court provides fewer than the 30 days from the Rule 30(b)(6) deposition that Plaintiff requested, finding that the time requested is excessive and will unduly impact the case schedule. The Court here preserves the dispositive motion deadline, which cannot be further extended altering the trial date. And, based on the record presented, there is not good cause to extend the trial date, as the concerns the Parties note can be accommodated with the amended schedule set out below. The Court also notes that the Parties' desire to engage in settlement negotiations is not good cause to alter the case schedule. The Court sets the following schedule:

| Deadline | Existing Deadline | New Deadline |
| --- | --- | --- |
| Jury Trial | September 8, 2025 at 9:00 AM | No Change |
| Reports from expert witness under FRCP 26(a)(2) due | March 14, 2025 | April 29, 2025 |
| Expert Rebuttal Reports | April 14, 2025 | May 29, 2025 |
| All motions related to discovery must be filed and noted on the motion calendar in compliance with Local Civil Rule (LCR) 7(d) | April 14, 2025 | May 29, 2025 |
| Discovery completed by | May 9, 2025 | June 5, 2025 |

ORDER GRANTING IN PART MOTION TO EXTEND - 2

| | | |
|---|---|---|
| All dispositive motions must be filed by and noted on the motion calendar in compliance with LCR 7(d) | June 9, 2025 | No Change |
| All motions in limine must be filed by and noted on the motion calendar in compliance with LCR 7(d)(5) | August 4, 2025 | No Change |
| Agreed pretrial order due | August 26, 2025 | No Change |
| Trial briefs, proposed voir dire questions, and proposed jury instructions due | August 26, 2025 | No Change |
| Pretrial Conference | August 28, 2025 at 1:30PM | No Change |
| Length of Jury Trial | 3-5 days | No Change |

All other requirements and directions set forth in the Case Schedule Order shall continue to apply. (Dkt. No. 43.)

The clerk is ordered to provide copies of this order to all counsel.

Dated March 21, 2025.

Marsha J. Pechman
United States Senior District Judge